UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINA J. GREENFIELD,<br><br>                  Plaintiff,<br><br>v.<br><br>CITY OF POST FALLS MUNICIPALITY, including employees and/or agents; MAYOR CLAYTON R. LARKIN, in his capacity; PRECEDING ADMINISTRATOR JIM HAMMOND, in his individual and official capacity; PRECEDING ADMINISTRATOR ERIC KECK, in his individual and official capacity; PROSECUTOR JOEL K. RYAN, in his individual and official capacity; PRECEDING CITY PLANNER COLLIN COLES, in his individual and official capacity; POST FALLS POLICE DEPARTMENT; CHIEF OF POLICE R. SCOT HAUG, in his individual and official capacity; DETECTIVE RODNEY L. GUNDERSON, in his individual and official capacity; DETECTIVE MARK GOODWIN, in his individual and official capacity; CAPTAIN GREG McLEAN, in his individual and official capacity; BERNARD (BARRY) WILLIAM McHUGH (KOOTENAI COUNTY PROSECUTOR) working for the City of Post Falls, in his individual and official capacity,<br><br>                  Defendants. | Case No. 2:13-cv-00437-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

MEMORANDUM DECISION AND ORDER - 1

## INTRODUCTION

Plaintiff Christina Greenfield filed a motion to disqualify Defendants' counsel on October 24, 2013. (Dkt. 22.) Defendants filed a response on November 18, 2013. (Dkt. 30.) Rather than filing a reply, Greenfield filed a Motion to Strike the exhibits attached to the Affidavit of Peter Erbland, Defendants' attorney, filed in support of Defendants' response brief. (Dkt. 31.) The Court considers the motion to disqualify to be fully briefed, and ripe for the Court's consideration.

Having reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d).

## BACKGROUND

On October 4, 2013, Pro Se Plaintiff Christina Greenfield filed a complaint against the City of Post Falls, its mayor, and various administrators and employees, (past and present), as well as members of the Post Falls Police Department, seeking damages for the Defendants' alleged failure to enforce its zoning laws to her detriment. The facts giving rise to Plaintiff's complaint arise out of a zoning and boundary dispute. She claims that she submitted complaints to the city regarding an arborvitae hedge that delineated her property from her neighbor's property, and that the hedge's overgrowth violated the "CC&R's". Plaintiff claims that, soon after the City received her complaints, the City changed its ordinance to exclude "landscaping and hedges" from its fence ordinance.

**MEMORANDUM DECISION AND ORDER - 2**

Additionally, Plaintiff submitted complaints to the City about her neighbors, who allegedly operated a bed and breakfast in their home. Plaintiff claims the City did not pursue action against the ongoing illegal business activities of her neighbors. Plaintiff eventually trimmed the shrubs bordering her property, and she was charged with Malicious Injury to Property.

In addition to this lawsuit, Greenfield sued her neighbors, the Wurmlingers, in the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai, Case No. CV 2010-8209. Erbland Aff. ¶1, Ex. 1, (Dkt. 30-1.) Greenfield asserted claims against the Wurmlingers for nuisance and negligent infliction of emotional distress, as well as equitable claims praying for injunctive relief and abatement relief with regard to the bed and breakfast business operated by the Wurmlingers out of their home. *Id.* The Wurmlingers filed an answer and counterclaim, asserting their own claims for negligent infliction of emotional distress, trespass, and timber trespass for the cutting of their hedge. Erbland Aff. ¶3, Ex. 2, (Dkt. 30-1.) Initially, the Wurmlingers were represented by counsel of the firm Amendola & Doty, PLLC, but on September 1, 2011, John Riseborough, a partner associated with Paine Hamblen, filed a substitution of counsel on behalf of the Wurmlingers, becoming their attorney of record in the Kootenai County case. *Id.* ¶¶3-4.

After a jury trial in which the jury returned a verdict in favor of the Wurmlingers, Erbland Aff. ¶5, Ex. 3, Special Verdict Form (Dkt. 30-1), judgment was entered against Greenfield on January 7, 2013.  Erbland Aff. ¶5, Ex. 4, (Dkt. 30-1.) The presiding judge, the Honorable Lansing L. Haynes, issued a Memorandum Decision and Order on March

**MEMORANDUM DECISION AND ORDER - 3**

25, 2013, finding against Greenfield on her equitable claims. Erbland Aff. ¶5, Ex. 5, (Dkt. 30-1.) Greenfield appealed the judgment, and it is currently pending before the Idaho Supreme Court. (*See* Dkt. 29.) Then, on October 4, 2013, Greenfield filed her complaint in this matter. On October 25, 2013, attorney Peter Erbland, also of the firm Pain Hamblen, filed a notice of appearance on behalf of all Defendants in this matter.

Greenfield's motion to disqualify the firm of Paine Hamblen asserts a conflict of interest based upon Paine Hamblen's prior representation of the Wurmlingers in the Kootenai County case. (Dkt. 22.) Greenfield asserts that a conflict exists because of the following:

> (1) the existence of a prior attorney-client relationship between the Defendants and opposing counsel, (2) that the matters involved in both representations are substantially related and (3) that the interests of the present client and former client are materially adverse.

Greenfield avers that the conflict arises because, as counsel for the Wurmlingers, Paine Hamblen attorneys have communicated with several of the named Defendants in this matter, and may have information from the Kootenai County case that is "prejudicial and biased against Plaintiff Greenfield and may negatively affect the outcome of this case."

In her Motion to Strike filed in reply or response to Defendants' brief, Plaintiff contends that Exhibits 2, 3, 4, and 5 to the Affidavit of Peter Erbland should be stricken. Those Exhibits, cited above, are pleadings filed in Kootenai County Case No. CV 2010-8209. All of the pleadings attached to Mr. Erbland's Affidavit are represented as true and correct copies of the pleadings on file in

**MEMORANDUM DECISION AND ORDER - 4**

Kootenai County Case No. CV 2010-8209, and bear the filing stamp and signature of the Clerk of the District Court for the County of Kootenai.

## DISPOSITION

**1.   Motion to Strike**

Greenfield seeks to strike the exhibits attached to Mr. Erbland's affidavit on the grounds that consideration of them will "corrupt the advancement of this pending civil action" because the exhibits contain information that is under review in the Idaho Supreme Court of Appeals." Greenfield asserts that the information is "prejudicial" to Greenfield, because the exhibits "do not legitimately depict the actual issues of the aforementioned civil action." Greenfield further contends that the exhibits are improperly used as a "persuasive maneuver to object to Greenfield's motion," and are "irrelevant to the causes of action alleged in Greenfield's complaint," and are therefore "immaterial."

Fed. R. Civ. P. 12(f) permits the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." However, the pleadings filed in Kootenai County Case No. CV 2010-8209, and the fact of Mr. Erbland's representation of Defendants in that matter, are not immaterial or irrelevant to the pending Motion to Disqualify counsel. The pleadings establish Mr. Erbland's prior representation of the Wurmlingers, which action constitutes the foundation for the complaint against Defendants in this matter.

Further, the Court may take judicial notice of the pleadings on file in Kootenai County Case No. CV 2010-8209 pursuant to Fed. R. Evid. 201. This rule permits the Court to take judicial notice of adjudicative facts that are not subject to reasonable

**MEMORANDUM DECISION AND ORDER - 5**

dispute because the fact can accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Court may take judicial notice on its own. Fed. R. Evid. 201(c). Public records, such as court filings, are appropriate for judicial notice. *In re Atlas Mining Co.*, 670 F.Supp.2d 1128, 1139 (D. Idaho Sept. 25, 2009) (citing *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008)).

The pleadings on file in Kootenai County Case No. CV 2010-8209 that are attached to the Affidavit of Mr. Erbland all bear the filing stamp and signature of the Clerk of the District Court for the County of Kootenai. They are the official records of the state district court, and as such, it is appropriate for the Court to take judicial notice of those records. Greenfield's motion to strike will therefore be denied.

**2.    Motion to Disqualify**

Greenfield misunderstands the rules prohibiting conflicts of interest. The rules prohibiting an attorney from representing a client due to a conflict of interest are designed to protect former clients of that attorney. Idaho Rule of Professional Conduct 1.9(a) provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

In other words, Greenfield must show that she either currently is or formerly was represented by Mr. Erbland or, under Idaho R. Prof. Conduct 1.10, a member of his firm; that the matter in which Mr. Erbland represents Defendants is substantially related to the

**MEMORANDUM DECISION AND ORDER - 6**

prior matter; and Mr. Erbland's current client's interests are materially adverse to the interests of Greenfield. *Parkland Corp. v. Maxximum Co.*, 920 F.Supp. 1088, 1091 (D. Idaho 1996). Greenfield bears the burden of establishing all of the above grounds for disqualification of counsel. *Id.*

Greenfield's motion is without merit. According to Greenfield's motion, she has never been a client of Paine Hamblen or Mr. Erbland. She is not currently a client of Paine Hamblen or Mr. Erbland. And Paine Hamblen's representation of the Defendants in this matter does not conflict with Greenfield's prior representation of herself in the Kootenai County case. The fact that Mr. Erbland may be familiar with the facts of the matter before the Court in this case because his firm represented the Wurmlingers in the Kootenai County matter is of no moment. Such information was disclosed in the context of the lawsuit, and is not confidential in the sense contemplated by Rule 1.9(a).

Greenfield did not disclose the information to Mr. Erbland or members of his firm in confidence as a client of the firm. Rather, she disclosed the information as a litigant adverse to Paine Hamblin's client. Nothing in the rules of professional conduct prohibits Mr. Erbland from access to that information by virtue of his firm's representation of the Wurmlingers. Indeed, much of the information in the Kootenai County case is public record, as any member of the public can access the docket and review its contents, or request a transcript of the trial.

Accordingly, Greenfield's motion to disqualify will be denied.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Objection to Defendants Notice of Appearance for Attorney Peter Erbland Motion to Disqualify the Law Firm of Paine Hamblen LLP (Dkt. 22) is **DENIED**.

2) Plaintiff's Motion to Strike Defendants' Exhibits 2, 3, 4, 5 (Dkt. 31) is **DENIED**.

3) The Court, pursuant to Fed. R. Evid. 201(b)(2) and (c)(1), takes judicial notice of the pleadings filed in Kootenai County Case No. CV 2010-8209, which are attached to the Affidavit of Peter Erbland, (Dkt. 30).

Dated: **December 06, 2013**

Honorable Candy W. Dale
United States Magistrate Judge